1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Honorable Grady J Leupold**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

NINTENDO OF AMERICA INC.,
a Washington corporation,

     Plaintiff,

v.

RYAN MICHAEL DALY d/b/a
MODDED HARDWARE,
an individual,

        Defendant.

Civil Action No. 24-cv-00958-GJL

ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY
DEMAND

NOW COMES Defendant Ryan Daly ("Defendant" or "Daly"), *pro se*, and for his answer to Plaintiff's Complaint, states as follows:

1.     Nintendo of America Inc. ("NOA") - along with its parent, Nintendo Co., Ltd. (collectively referred to herein as "Nintendo") - develops and distributes the Nintendo Switch game console, which is one of the most popular video game consoles of all time, as well as the proprietary and copyrighted software that serves as the Nintendo Switch operating system. NOA also owns the U.S. copyrights and/or publishes in the United States *(i.e.,* markets and distributes pursuant to exclusive license) award-winning video games that can be played only on Nintendo consoles. To protect its intellectual property against video game piracy, and to ensure that only authorized and licensed Nintendo Switch games can be played on Nintendo Switch consoles, Nintendo designed the Nintendo Switch console and Nintendo Switch games with a set of sophisticated technological security features. These security features are intended to, and in their ordinary course of operation effectively do, prevent misuse and modification of the Nintendo Switch and Nintendo Switch games, including by preventing unauthorized

1

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

operating systems from being installed on the Nintendo Switch, preventing Nintendo Switch games from being accessed, copied, and distributed without authorization, and preventing pirated copies of Nintendo Switch games from being played on the Nintendo Switch.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

2.      By this action, NOA seeks redress for, and to put an immediate stop to, ongoing and willful unlawful conduct by Defendant Ryan Michael Daly ("Defendant"). Defendant is the owner and operator of the website www.moddedhardware.com (the "Website"). Via the Website, Defendant sells a variety of products specifically designed (and with no commercial purpose other than) to circumvent Nintendo's technological protection measures. Among these products are hardware chips that disable the Nintendo Switch console's built-in access and copy control technology ("Mod-Chips"), as well as devices that allow pirated games to be copied to or placed on Nintendo Switch-compatible memory cards (the "MIG Switch") or allow unauthorized copying of authentic Nintendo Switch game cartridges (the "MIG Dumper") (collectively the "MIG Devices"). (The Mod-Chips and MIG Devices are referred to collectively herein as the "Circumvention Devices"). Additionally, for those without the technical expertise to install Mod-Chips, Defendant offers services (the "Circumvention Services") where he modifies Nintendo Switch consoles and installs Mod-Chips. As part of his Circumvention Services, Defendant sells Nintendo Switch consoles with Mod-Chips pre-installed and offers mail-in Mod-Chip installation services, where users can send Defendant their Nintendo Switch console for him to install the Mod-Chips (collectively the "Hacked Consoles"). Additionally, as part of Defendant's Circumvention Services, Defendant installs a suite of unauthorized software products on the Hacked Consoles which modify their function to enable the play of pirated games, and, among other things, enable a user to decrypt, copy, and distribute Nintendo Switch games, use  unauthorized Nintendo Switch firmware, and obtain and copy proprietary cryptographic keys, such as the software products known as "Lockpick" and "Sigpatches" (referred to collectively herein as the "Circumvention Software").

**ANSWER: Denied.**

3.      Defendant not only offers the hardware and firmware to create and play pirated games, but he also provides his customers with copies of pirated Nintendo games. Typically, when a customer purchases a Hacked Console or the Circumvention Services, Defendant pre-installs on the console a portfolio of ready-to-play pirated games, including some of Nintendo's most popular titles such as its *Super Mario*, *The Legend of Zelda*, and *Metroid* games.

**ANSWER: Denied.**

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

4.      The harm to Nintendo from Defendant's sale and distribution of the Circumvention Devices, Hacked Consoles, and Circumvention Services is substantial and irreparable. Nintendo's business relies upon the authorized and licensed sale of authentic copies of its video games, and upon the trust it has built over decades with third-party game developers that the games they develop will not be illegally distributed and played. Defendant's products and services not only deprive Nintendo and its licensees of revenue from the sales of lawful copies of Nintendo games but also foster and encourage the illegal distribution of pirated Nintendo content. Indeed, because pirated Nintendo Switch games cannot be used or created without a Hacked Console and related software and hardware, it is only because of products and services such as those sold by Defendant that illegal marketplaces distributing pirated games exist and thrive.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

5.      Defendant is well aware that his conduct is unlawful and infringes Nintendo's intellectual property rights. On March 15, 2024, NOA representatives personally contacted Defendant to advise him that by selling and offering the Circumvention Devices, Hacked Consoles, and Circumvention Services, he was in willful violation of Nintendo's rights. In order to avoid litigation, Defendant agreed, both verbally and in a signed writing, to cease his infringing conduct. In reliance on these representations, NOA refrained from filing a lawsuit at that time.

**ANSWER: Denied.**

6.      Notwithstanding his oral and written representations, Defendant did not cease his unlawful conduct. Instead, he continued to sell Hacked Consoles and Circumvention Devices, as well as to provide Circumvention Services, through the Website. NOA attempted to contact Defendant informally to discuss this conduct, but he ignored NOA's outreach. On May 17, 2024, NOA provided Defendant with a final written warning and opportunity to resolve this matter. Defendant again chose to ignore that warning and continued his unlawful activities. As a result, NOA was left with no choice but to file this lawsuit.

**ANSWER: Denied.**

7.      Through his conduct, Defendant has engaged in, and is continuing to engage in, several unlawful acts:

(a)      First, by selling and distributing Circumvention Devices and Hacked Consoles, and by offering Circumvention Services, Defendant has violated the anticircumvention provisions of the Digital Millennium Copyright Act ("DMCA"), including both 17

3

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

U.S.C. § 1201(a)(2) and 120l(b)(l). Specifically, Defendant has engaged in selling, importing, offering, providing, and otherwise trafficking in technologies that circumvent or evade technologies used by Nintendo to control access to its consoles and game software, and to protect against unauthorized copying and distribution of Nintendo Switch games.

(b)    Second, by pre-installing onto Hacked Consoles unauthorized copies of copyrighted Nintendo games, Defendant has infringed NOA's copyrights in its video game software.

(c)    Third, by selling and distributing Circumvention Devices and Hacked Consoles, and by offering Circumvention Services, to members of the public, knowing and intending that such products and services will be used by Defendant's customers to create, distribute, or obtain *(e.g.,* via download) and play pirated Nintendo games, 28 Defendant has engaged in acts of contributory infringement.

(d)    Fourth, by marketing, advertising, selling and otherwise encouraging members of the public to purchase Circumvention Devices, Hacked Consoles, and Circumvention Services, Defendant has himself violated and induced his customers to violate their agreements with NOA, including the End-User License Agreements ("EULA") that all Nintendo Switch users are required to consent to prior to using their consoles, and has himself breached the EULA.

**ANSWER: Denied.**

8.    Without the intervention of this Court, Defendant will continue to engage in his illegal conduct undeterred and without accountability or punishment, causing continued and irreparable harm to Nintendo.

**ANSWER: Denied.**

9.    Nintendo of America Inc. (''NOA'') is a Washington corporation with its principal place of business in Redmond, Washington. NOA is a wholly owned subsidiary of Nintendo Co., Ltd., a Japanese company headquartered in Kyoto, Japan (collectively, Nintendo of America Inc. and Nintendo Co., Ltd. are referred to herein as "Nintendo"). NOA is responsible for the marketing and sale of electronic video game consoles, games, and accessories developed by Nintendo, including the Nintendo Switch, Nintendo Switch Lite, and Nintendo Switch OLED consoles (collectively the ''Nintendo Switch"), as well as the proprietary and copyrighted software that serves as the Nintendo Switch's operating system and firmware. NOA is the publisher and owner of exclusive rights in the United States of many popular games and game franchises developed by Nintendo and/or its development partners, including the *Super Mario, The Legend of Zelda,* and *Metroid* games, among others.

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

NOA also is responsible for the enforcement of Nintendo's intellectual property rights in the United States.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

10.     NOA is informed and believes, and on that basis alleges, that Defendant Ryan   Michael Daly is an individual residing in Davison, Michigan. At all relevant times, Defendant has used the online aliases "Homebrew Homie," and "Homebrew Homies." Defendant is the owner and operator of the website www.moddedhardware.com (the "Website"). Defendant is in the business of selling Circumvention Devices and Hacked Consoles and offering Circumvention Services. Defendant engages in this business primarily via the Website, but also via his personal social media accounts.

**ANSWER: Defendant admits that he lives in Michigan and has used screen names from time to time.  Defendant admits that he owns moddedhardware.com.  Otherwise denied.**

11.     This is a civil action seeking damages, injunctive relief, and other equitable relief under the anti-circumvention provisions of the DMCA, 17 U.S.C. § 1201 *et seq.;* the United States Copyright Act, 17 U.S.C. § 501; and the laws of the State of Washington.

**ANSWER: No contest.**

12.     This Court has subject matter jurisdiction over NOA's claims for violating the anti-circumvention provisions of the DMCA, for copyright infringement, and for contributory copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over NOA's state law claims for breach of contract and intentional interference with contractual relations, which are so related to NOA's federal claims as to be part of the same case or controversy.

**ANSWER: Denied.**

13.     Defendant has consented to the jurisdiction of this Court, including by entering into written contracts with NOA (including the EULA), which is headquartered in the State of Washington, and agreeing in a signed document that claims against him may be brought in this District. Defendant also is subject to the jurisdiction of this Court because he transacts business in the State of Washington and in this District. Specifically, NOA is informed and believes, and on that basis alleges, that Defendant has marketed, offered to the public, and otherwise trafficked in Circumvention Devices, Hacked Consoles, and Circumvention Services in this

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

District; has sold and shipped Circumvention Devices to residents of this District; has provided unauthorized copies of Nintendo software to residents of this District; and/or has encouraged individuals in this District to engage in acts of copyright infringement and/or to violate their agreements with NOA. Additionally, Defendant is subject to jurisdiction in this Court because he knowingly targeted the State of Washington, the location of NOA's headquarters. Thus, Defendant expected or should reasonably have expected his acts to have consequences and cause harm in the State of Washington. NOA's claims arise out of and relate to Defendant's activities in this District.

**ANSWER: Denied.**


14.     Defendant has consented to venue in this District. Venue also is proper in this District pursuant to 28 U.S.C. § 1391, because Defendant is an individual who is subject to personal jurisdiction in this District.

**ANSWER: Denied.**


15.     Nintendo is a company and brand famous throughout the United States and the world, known by consumers of all ages for its video games, its video game consoles, and its video game characters, which include Mario and Luigi, Yoshi, Link, and Donkey Kong.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**


16.     For decades, Nintendo has been a leading developer and producer of video games and video game consoles. Among the game consoles developed and produced by Nintendo and distributed by NOA in the United States is the Nintendo Switch console, which includes the original Nintendo Switch, Nintendo Switch OLED version, and Nintendo Switch Lite. Nintendo Switch is among the most popular game consoles in the world (and, indeed, of all time), with sales exceeding 140 million units as of May 2024.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**


17.     Nintendo also has developed, published, and distributed a catalog of video games for the Nintendo Switch and other Nintendo consoles, such as the Nintendo Entertainment System, Nintendo 64, Nintendo GameCube, Wii, Wii U, and Game Boy consoles. NOA owns the U.S. copyrights in its video games and is the exclusive publisher and distributor of such games in

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

the United States. Since 1983, Nintendo has sold more than 5.5 billion video games and 800 million of its consoles. The top five Nintendo-developed copyrighted Nintendo Switch games have sold over 27 million copies each, rising above 200 million sales in total. Among the video games owned by NOA or distributed under exclusive license to NOA are the games identified on Schedule A (the "Nintendo Games").

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

18.     Nintendo has built its company through substantial creative and financial investment in the development and marketing of new consoles, video games, products, technological protection measures, and intellectual property. Nintendo has garnered significant consumer awareness and goodwill through its commitment to developing and delivering innovative, fun, and memorable video game consoles and games. Each of the Nintendo Games are creative, audiovisual works with detailed stories, characters, and elements that are wholly original and protected by the Copyright Act. Nintendo video game consoles and games are enjoyed by tens of millions of consumers in the United States and abroad.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

19.     The popularity of Nintendo's video games and video game consoles has made Nintendo the target of intellectual property pirates and hackers. These individuals or entities benefit from Nintendo's innovation and investment by making unauthorized copies of Nintendo video games, or by creating and selling and/or distributing the means by which others can copy and distribute unauthorized, pirated copies of Nintendo video games or play such copies on a Nintendo console.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

20.     Illegal copying, or piracy, of video game software is a serious international problem. Throughout its history, Nintendo has taken many steps and expended significant resources to halt or stem the illegal copying, marketing, sale, and distribution of Nintendo's video games, and to halt the illegal trafficking in devices that allow users to make unauthorized copies of games and/or play such unauthorized copies on Nintendo's video game consoles.

7

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

21.     Among the methods used by Nintendo to prevent the use and dissemination of pirated games is the development and implementation of sophisticated technological protection measures to protect and control access to its consoles and to copyrighted Nintendo video games. These technological protection measures (referred to hereinafter as the "TPMs") are incorporated into both Nintendo's video game consoles (the "Console TPMs") and Nintendo video game software products (the "Game TPMs"). Nintendo's TPMs work in concert to prevent unauthorized access to and copying of Nintendo's copyrighted works, as well as the unauthorized play of pirated games on Nintendo consoles. Nintendo's TPMs include the following:

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

22.     First, as part of the Console TPMs, during the boot process the Nintendo Switch console performs a series of authentication checks to ensure that the operating system being used by the console is the authentic Nintendo Switch operating system. If a user attempts to load or launch an unauthorized operating system onto a Nintendo Switch, the authentication checks will fail and the console will not operate.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

23.     Second, as part of the Game TPMs, both physical and digital versions of Nintendo Switch games are protected by complex sets of encryption and decryption protocols. A set of proprietary cryptographic keys are required to decrypt and play Nintendo Switch video games. The Grune TPMs also include sets of proprietary security protocols that permit the Nintendo Switch console to interact only with either authentic Nintendo Switch cartridges, which are physical cards inserted in a Nintendo Switch console, or legitimate video game files downloaded from the Nintendo eShop. The Grune TPMs, among other things, ensure that Nintendo games cannot be copied to or accessed on an unauthorized device and that only authentic, authorized game files or cartridges can be played on an authentic Nintendo Switch console.

8

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

24.     The Console TPMs and Grune TPMs work together to effectively control access to and copying of Nintendo's copyrighted works. Nintendo Switch games can only be decrypted, accessed, played, and copied through the use of special, unauthorized software designed to circumvent the Grune TPMs (the "Circumvention Software"). Moreover, the Circumvention Software cannot be used or installed on a Nintendo Switch console without bypassing or circumventing the Console TPMs. In other words, Nintendo Switch users wishing to play or copy Nintendo Switch games must bypass and/or circumvent at least two layers of protection, a process that requires circumvention of both Nintendo hardware and software. Additionally, in the normal course of operation it is not possible to use non-authentic cartridges in a Nintendo Switch console.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

25.     Another way that Nintendo maintains the integrity of its consoles and games is through contractual measures. Before using the Nintendo Switch, all users are required to consent to a Nintendo Switch End User License Agreement ("EULA"). Users consent to the EULA either by clicking the "accept" button when presented with the EULA on their system, or by using the system. If a user does not consent to the terms of the EULA, they will be unable to use the console and may request a refund.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

26.     Under the EULA, users are granted a limited license to "use the software, content, and data that came with the Console, or that is compatible with or authorized for use in connection therewith, including any updates or replacement to that software, content, or data that [Nintendo] or [its] authorized providers make available to you (collectively, the 'Software')."

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

9

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

27.      The EULA further states that players "may not publish, copy, modify, reverse engineer, lease, rent, decompile, disassemble, distribute, offer for sale, or create derivative works of any portion of the Software, or bypass, modify, defeat, tamper with, or circumvent any of the functions or protections of the Console, unless otherwise permitted by law." Users also agree under the EULA that they will not ''use the Console in an unlawful manner or to access the consoles, devices, accounts, or data of others (including Nintendo) without their (or [Nintendo's]) consent."

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

28.      Defendant is the owner and operator of a for-profit online business known as "Modded Hardware," located at www.moddedhardware.com (the "Website"). Via the Website, Defendant offers for sale a variety of products and services designed to circumvent and bypass Nintendo's TPMs.

**ANSWER: Denied.**

29.      Among the products offered for sale by Defendant on the Website are the following:

   (a) **"Mod-Chips"** such as the PicoFly RP2040, HWFly, and Instinct V6. Defendant markets the Mod-Chips on his Website as "treasures for every Nintendo Switch owner. Whether you're looking to enhance your gaming experience, run custom firmware, or simply explore the full potential of your console, this modchip is the perfect option." The Mod-Chips are hardware devices that, when installed into a Nintendo Switch console, circumvent Nintendo's Console TPMs that restrict access to the console and prevent unauthorized, custom firmware and operating systems and software from being installed. Whereas authorized retail Nintendo Switch consoles cannot run unauthorized firmware or operating systems, consoles that have been modified with the Mod-Chips are able to run a variety of unauthorized operating systems and software products that are designed to enable users to download and play pirated Nintendo games. Defendant sells the Mod-Chips for $24.99, as illustrated below:

10

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423



(b) **Hacked Nintendo Switch Consoles,** which are Nintendo Switch consoles that Defendant opened up and installed a Mod-Chip (the "Hacked Consoles"). Defendant offers "new" Hacked Consoles *(i.e.,* new consoles he has acquired and modified), as well as "Mail In Services." Defendant describes his Nintendo Switch mail-in service as follows:

> This is a Mail-in Service were[sic] we will install a modchip onto your Nintendo Switch OLED / Lite *I* VI or V2! Then we add all the amazing software listed bellow[ sic] to your Nintendo switch OLED / Lite / V 1 or V2 in the sd card size selected. After that we simply mail the system back to you for you to enjoy.
>
> Along with that we provide expert help and a bunch of video's [sic] on how to use your device and how to get up and running with unlocking the full potential of your Nintendo switch system.

As part of Defendant's Circumvention services, he offers the Hacked Consoles pre-installed with unauthorized Nintendo Switch firmware. Additionally, as part of his Circumvention Services Defendant pre-installs Circumvention Software onto these Hacked Consoles, as well as illegal, unauthorized copies of dozens, if not hundreds, of copyrighted Nintendo video games, including but not limited to the Nintendo Games identified in **Schedule A.**

Defendant sells Hacked Consoles at prices ranging from $79.99 (for Mail-in Services) and $399.00 (for Switch Lite consoles) to $669.99 (for special edition consoles). An exemplar image of the product page for Hacked Consoles on the Website appears below:

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(c) **MIG Devices** are devices that enable a user to create unauthorized copies of Nintendo Switch games or play pirated Nintendo Switch games on their Nintendo Switch console. In particular, the MIG Switch is a "flash cart" which allows users to play unauthorized, pirated copies of Nintendo Switch games that have been installed onto a micro-SD card in an authentic unmodified Nintendo Switch console. In order to achieve this, a MIG Switch circumvents Nintendo's TPMs by tricking the Nintendo Switch console into treating unauthorized, pirated copies of Nintendo Switch games as authorized, official Nintendo Switch game cartridges. The MIG Dumper is a device that plugs into a user's computer and allows a user to copy ( or "dump") an authentic Nintendo Switch game cartridge onto another readable memory, such as a computer hard-drive or micro-SD memory card. The MIG Dumper necessarily circumvents Nintendo's Game TPMs by allowing users to copy Nintendo Switch game files from an authentic Nintendo Switch game cartridge to an unprotected memory card or storage medium, distribute those games to others, and/or play those games in unauthorized ways, such as by using a MIG Switch with an authentic, unmodified Nintendo Switch console. The MIG Dumper also necessarily circumvents Nintendo's Game TPMs by allowing users to access and/or play authentic Nintendo Switch cartridges on an unauthorized device using additional circumvention software, such as a Nintendo Switch emulator. Defendant sells MIG Dumpers and MIG Switch devices for $62.99 each, or $119.99 for the set. An exemplar image of a "shop" page from the Website for MIG Switch and MIG Switch dumpers appears below:

12

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423



**ANSWER: Denied.**

30.     The Mod-Chips and MIG Devices (collectively, the "Circumvention Devices") and Hacked Consoles are and/or contain technology designed and marketed for the purpose of circumventing Nintendo's TPMs. Specifically, each of these products is designed to circumvent Nintendo's TPMs that prevent users from accessing and modifying Nintendo's firmware and operating system, accessing or copying Nintendo video games, and playing pirated Nintendo video games. Customers who purchase Defendant's products or services are easily able to play pirated copies of Nintendo video games that they downloaded from the internet. They also are able to copy their own Nintendo video games and re-distribute them, and to otherwise cause Nintendo Switch consoles to operate in ways that they were not designed to operate.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

31.     On March 15, 2024, representatives of NOA contacted Defendant to demand that he immediately cease and desist from any further distribution or sale of the Mod-Chips, Hacked Consoles, and MIG Switches, and that he cease from providing any further Circumvention Services. NOA advised Defendant that if he was unwilling to cooperate, NOA would have no choice but to commence litigation.

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

32.     In response to NOA's demand, Defendant agreed to cease his conduct and executed a written agreement confirming that his conduct is unlawful and that he would immediately cease from any further distribution and sale of Circumvention Devices, Hacked Consoles, or Circumvention Services. Relying on the written and oral representations made by Defendant, NOA declined to file a lawsuit against Defendant in March 2024.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

33.     Shortly thereafter, NOA discovered that Defendant was not complying with his obligations. Specifically, NOA learned that the Website-despite Defendant's explicit written and oral representations-remained fully operational, and that Defendant was continuing to market, distribute, and sell Circumvention Devices, Hacked Consoles, and Circumvention Services. NOA sought to contact Defendant, but he failed to respond to multiple inquiries.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

34.     NOA delivered a formal cease and desist letter to Defendant on May 18, 2024.
The letter advised Defendant that if he did not respond and did not cease and desist from any further sale of the Circumvention Devices, Hacked Consoles, and Circumvention Services by May 24, 2024, NOA would commence litigation. Defendant acknowledged receipt of the letter but did not respond to it by the deadline provided, May 24, 2024. NOA also discovered that even after receiving the letter Defendant continued to sell and/or distribute Hacked Consoles and MIG Devices to members of the public.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

35.     On June 11, 2024, nearly two weeks after the May 24 deadline, NOA received a communication from a lawyer purporting to represent Defendant. On June 14, 2024, in response to this communication, NOA offered Defendant (through his counsel) a final opportunity to resolve this dispute, with a deadline of June 19, 2024. On June 17, 2024, NOA

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

received a communication from Defendants' counsel that Defendant was in the process of obtaining new counsel and would likely not respond to NOA's offer by the June 19 deadline. As of the date of this complaint, NOA has not received any further communication from Defendant or any attorney representing Defendant.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

### FIRST CLAIM FOR RELIEF
### Trafficking In Circumvention Devices In Violation of 17 U.S.C. § 1201(a)(2)

36.     NOA incorporates the factual allegations in Paragraphs 1 through 35 as if fully set forth herein.

**ANSWER: Defendant restates and incorporates by reference his answers above as though fully restated herein.**

37.     Section 1201(a)(2) of the DMCA, 17 U.S.C. § 1201(a)(2), prohibits trafficking in technology primarily designed to circumvent technological protection measures that effectively control access to copyrighted works. The statute provides, in pertinent part, that "[n]o person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that –

   (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under [the Copyright Act];
   (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under [the Copyright Act]; or
   (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under [the Copyright Act]."

**ANSWER: Defendant admits that this paragraph includes a partial recitation of the Copyright Act.**

15

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

38. Nintendo's TPMs effectively control access to works protected by the Copyright Act, including the Nintendo Switch firmware and operating system, and Nintendo video games in which Nintendo owns or exclusively controls copyrights.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

39. The Circumvention Devices and Circumvention Software installed onto Hacked Consoles as part of the Circumvention Services are primarily designed to circumvent an effective technological protection measure and have only limited commercially significant purpose or use other than to circumvent Nintendo's access control technology.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

40. Defendant knows that the Circumvention Devices and Circumvention Software are designed, implemented, and used to circumvent and bypass Nintendo's access control technology.

**ANSWER: Denied.**

41. Defendant's acts are willful, intentional, purposeful, and in disregard of and indifferent to the rights of NOA.

**ANSWER: Denied.**

42. As a direct and proximate result of Defendant's violations of 17 U.S.C. § 1201, NOA is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(A), in the amount of $2,500 with respect to each act of offering to the public, provision, or otherwise trafficking in circumvention technology, or such other amounts as may be proper under 17 U.S.C. § 1203(c). In the alternative, pursuant to 17 U.S.C. § 1203(c)(2), NOA is entitled to its actual damages, as well as to Defendant's profits from these violations, in amounts to be proven at trial.

**ANSWER: Denied.**

43. NOA is entitled to its costs, including reasonable attorneys' fees, pursuant to

16

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

17 U.S.C. § 1203(b).

**ANSWER: Denied.**

44.     Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause Nintendo great and irreparable injury for which there is no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b)(l), NOA is entitled to permanent injunctive relief prohibiting Defendant and its members and agents from engaging in further acts of offering to the public, providing, or otherwise trafficking in Circumvention Devices, Circumvention Software, Hacked Consoles, and Circumvention Services.

**ANSWER: Denied.**

**SECOND CLAIM FOR RELIEF**
**Trafficking In Circumvention Devices In Violation of 17 U.S.C. § 1201 (b)(1)**

45.     NOA incorporates the factual allegations in Paragraphs 1 through 35 [sic] as if fully set forth herein.

**ANSWER: Defendant restates and incorporates by reference his answers above as**

**though fully restated herein.**

46.     Section 1201(b)(l) of the DMCA, 17 U.S.C. § 1201(b)(l), prohibits the trafficking in devices primarily designed to circumvent technological protection measures that protect against the violation of rights protected under the Copyright Act. The statute provides, in pertinent part, that "[n]o person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that –

    (A) is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under [the Copyright Act] in a work or a portion thereof;
    (B) has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of a copyright owner under [the Copyright Act] in a work or a portion thereof; or
    (C)  is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner under [the Copyright Act] in a work or a portion thereof."

17

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

**ANSWER: Defendant admits that this paragraph contains a partial recitation of the Copyright Act.**

47.     The TPMs effectively protect NOA's rights as copyright owner in Nintendo video games. Specifically, the TPMs, in the ordinary course of their operation, prevent, restrict, or otherwise limit the ability of a member of the public to reproduce, distribute, and play Nintendo's copyrighted video games without Nintendo's authorization.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

48.     The Circumvention Devices, Hacked Consoles, and Circumvention Software installed onto Hacked Consoles are primarily designed to circumvent effective technological measures and have only limited commercially significant purpose or use other than to circumvent technology that protects NOA's rights in its copyrighted video games.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

49.     Defendant knows that the Circumvention Devices and Circumvention Software are designed, implemented, and used to circumvent and bypass technology that prevents the copying and distribution of Nintendo video games.

**ANSWER: Denied.**

50.     Defendant's acts are willful, intentional, purposeful, and in disregard of and indifferent to the rights of NOA.

**ANSWER: Denied.**

51.     As a direct and proximate result of Defendant's violations of 17 U.S.C. § 1201, NOA is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(A), in the amount of $2,500 with respect to each act of offering to the public, provision, or otherwise trafficking in circumvention technology, or such other amounts as may be proper under 17 U.S.C. § 1203(c). In the alternative, pursuant to 17U.S.C. § 1203(c)(2), NOA is entitled to its actual damages, as well as to Defendant's profits from these violations, in amounts to be proven at trial.

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

1

2
**ANSWER: Denied.**

3

4
52.     NOA is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 1203(b).

5

6
**ANSWER: Denied.**

7

8
53.     Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause Nintendo great and irreparable injury for which there is no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b)(l), NOA is entitled to permanent injunctive relief prohibiting Defendant and its members and agents from engaging in further acts of offering to the public, providing, or otherwise trafficking in Circumvention Devices, Circumvention Software, Hacked Consoles, and Circumvention Services.

9

10

11
**ANSWER: Denied.**

12

13

**THIRD CLAIM FOR RELIEF**
**Copyright Infringement:**
**Unauthorized Reproduction and Distribution of Nintendo Games**

14

15
54.     NOA re-alleges and incorporates by reference the allegations in paragraphs 1 15 through 35 [sic], as if set forth fully herein.

16

17
**ANSWER: Defendant restates and incorporates by reference his answers above as**

18
**though fully restated herein.**

19

20
55.     Section 106 of the Copyright Act, 17 U.S.C. § 106, provides, in pertinent part, that the owner of a copyright under the Copyright Act has the exclusive right to reproduce and distribute its audiovisual works.

21

22
**ANSWER: Defendant admits that this paragraph includes a partial recitation of the**

23
**Copyright act.**

24

25
56.     NOA is the owner of valid and registered copyrights in each of the Nintendo Games, including those listed in the attached **Schedule A.**

26

27

28
19

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

1

2

3

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

4

5

6

57.     By pre-loading Hacked Consoles with unauthorized copies of the Nintendo Games and then distributing those games to his customers, Defendant has infringed NOA's copyrights in the Nintendo Games, in violation of NOA's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.,* in particular NOA's rights of reproduction and distribution.

7

**ANSWER: Denied.**

8

9

58.     NOA has never authorized or given consent to Defendant to use its copyrighted works in the manner complained of herein.

10

11

12

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

13

14

59.     Defendant's acts of infringement are willful, in disregard of, and with indifference to NOA's rights.

15

16

**ANSWER: Denied.**

17

18

19

60.     As a direct and proximate result of the infringements alleged herein, NOA is entitled to damages and to Defendant's profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, NOA is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

20

**ANSWER: Denied.**

21

22

23

61.     NOA further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**ANSWER: Denied.**

24

25

26

62.     As a result of Defendant's acts and conduct, NOA has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. NOA is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendant will continue to infringe NOA's rights in the Nintendo

27

28

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

Games. NOA is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

**ANSWER: Denied.**

## FOURTH CLAIM FOR RELIEF
### Contributory Copyright Infringement

63.    NOA re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 [sic], as if set forth fully herein.

**ANSWER: Defendant restates and incorporates by reference his answers above as though fully restated herein.**

64.    NOA owns valid, registered copyrights in numerous games for the Nintendo Switch, including, without limitation, *The Legend of Zelda: Tears of the Kingdom*[1], *Animal Crossing: New Horizons*[2], and *Mario Kart 8 Deluxe*[3].

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

65.    NOA is informed and believes, and on that basis alleges, that users of Defendant's products and services have (1) made unauthorized copies of Nintendo Switch game cartridges and/or digital games for distribution or use on unauthorized devices; and/or (2) downloaded Nintendo Switch games from pirate websites and copied those game ROMs onto their Hacked Consoles. Each such reproduction constitutes a violation of 17 U.S.C. § 501(a) for which NOA is entitled to damages under 17 U.S.C. § 504 and injunctive relief under§ 502.

---

[1] Copyright Reg. No. PA 2-411-256

[2] Copyright Reg. No. PA 2-233-840

[3] Copyright Reg. No. PA 2-051-900

21

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

1

2

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

3

4

66.     Defendant has actual or constructive knowledge of his users' direct infringement and materially contributes to each of their acts of infringement, including because he provides them with Circumvention Devices and/or Hacked Consoles with the Circumvention Software, knowing and intending that the Circumvention Devices or Circumvention Software would be used for this purpose.

5

6

7

**ANSWER: Denied.**

8

9

67.     As such, Defendant is secondarily liable for each act of infringement (unauthorized reproduction) performed by users of Defendant's products and services.

10

11

**ANSWER: Denied.**

12

13

68.     Defendant's acts are willful, intentional, purposeful, and in disregard of and indifferent to the rights of NOA.

14

15

**ANSWER: Denied.**

16

17

69.     As a direct and proximate result of Defendant's violations of 17 U.S.C. § 501(a), NOA is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c)(2), in the amount of $150,000 with respect to each copyrighted work, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, pursuant to 17 U.S.C. § 504(b), NOA is entitled to its actual damages, as well as to Defendant's profits from these violations, in amounts to be proven at trial.

18

19

20

21

**ANSWER: Denied.**

22

23

70.     NOA is entitled to its full costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

24

25

**ANSWER: Denied.**

26

27

71.     Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause NOA great and irreparable injury for which there is no adequate remedy at law. Pursuant to 17 U.S.C. § 502, NOA is entitled to permanent injunctive relief prohibiting Defendant from

28

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

engaging in further acts of contributing to or inducing others to reproduce NOA's protected works.

**ANSWER: Denied.**

## FIFTH CLAIM FOR RELIEF
### Breach of Contract - Violation of EULA

72.     NOA re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 [sic], as if set forth fully herein.

**ANSWER: Defendant restates and incorporates by reference his answers above as though fully restated herein.**

73.     Use of the Nintendo Switch console is governed by the EULA, which provides to users a limited license to use the Nintendo Switch console to, *inter alia,* play Nintendo games. The EULA is a valid and enforceable contract.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

74.     All users of the Nintendo Switch console are required to consent to the EULA, and NOA is informed and believes, and on that basis alleges, that Defendant consented to the EULA by using a Nintendo Switch console.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

75.     The EULA restricts players from, *inter alia,* publishing, copying, modifying, reverse engineering, decompiling, disassembling, distributing, offering for sale, or creating derivative works of any portion of Nintendo's software, as well as bypassing, modifying, defeating, tampering with, or circumventing any of the functions or protections of the console (including without limitation any TPMs), unless otherwise permitted by law. Players also agree under the EULA that they will not ''use the Console in an unlawful manner or to access the consoles, devices, accounts, or data of others (including Nintendo) without their (or [Nintendo's]) consent.''

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

76.     NOA is informed and believes, and on that basis alleges, that Defendant agreed to the terms of the EULA when he purchased and used Nintendo Switch consoles, including the Nintendo Switch consoles that he purchased and modified to sell on his Website as Hacked Consoles.

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

77.     By developing, distributing, and selling Hacked Consoles, and by personally modifying his customer's Nintendo Switch consoles as part of the Circumvention Services, Defendant breached the terms of the EULA.

**ANSWER: Denied.**

78.     As a direct and proximate result of Defendant's breach of the EULA, NOA has suffered damages in an amount to be proven at trial.

**ANSWER: Denied.**

## SIXTH CLAIM FOR RELIEF
### Tortious Interference With Contract

79.     NOA re-alleges and incorporates by reference the allegations in paragraphs 1 through 35, as if set forth fully herein.

**ANSWER: Defendant restates and incorporates by reference his answers above as though fully restated herein.**

80.     As described herein, each individual who purchases and uses a Nintendo Switch console agrees to be bound by the EULA. The EULA is a valid and enforceable contract.

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

**ANSWER: Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

81.     Each time a Nintendo Switch owner purchases and uses the Circumvention Devices, Hacked Consoles and/or Circumvention Services, they violate the terms of the EULA. NOA is informed and believes, and on that basis alleges, that hundreds, if not thousands, of such breaches have taken place by Defendant's customers.

**ANSWER: Denied.**

82.     NOA is informed and believes, and on that basis alleges, that Defendant is aware of both the existence and specific relevant terms of the EULA. Specifically, Defendant is aware that the EULA prohibits players from using the Circumvention Devices and Circumvention Services and that players are at risk of having their accounts and consoles banned should they be caught using the Circumvention Devices. Nevertheless, Defendant intentionally encourages and induces Nintendo Switch users to purchase and use the Circumvention Devices, Hacked Consoles and Circumvention Services, knowing that the use of these products by their customers is a breach of these customers' contracts with NOA.

**ANSWER: Denied.**

83.     By inducing NOA's users to breach their contracts with NOA, Defendant has intentionally interfered, and continues to interfere, with the contracts between NOA and its users.

**ANSWER: Denied.**

84.     As a direct and proximate result of Defendant's actions, NOA has suffered damages in an amount to be proven at trial, including but not limited to decreased profits and a loss of profits from users whose accounts NOA has terminated for violation of the EULA.

**ANSWER: Denied.**

85.     As a further result of Defendant's actions, Defendant has unjustly obtained specifically identifiable property, consisting of all of the proceeds attributable to the sale of the Circumvention Devices, Hacked Consoles and Circumvention Services, and any other products or services that violate any of NOA's rights, and any additional property traceable to those proceeds. Those proceeds, which are directly attributable to Defendant's manipulation

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

and misuse of Nintendo products and intentional interference with NOA's contracts, rightfully and equitably belong to NOA.

**ANSWER: Denied.**

86.     Defendant's intentional interference with the contracts between NOA and its licensed users entitles NOA to injunctive relief and compensatory damages, the imposition of a constructive trust over Defendant's wrongfully obtained proceeds, and other available relief.

**ANSWER: Denied.**

87.     Defendant is guilty of oppression, fraud, or malice, and NOA, in addition to its actual damages, by reason thereof, is entitled to recover exemplary and punitive damages against Defendant.

**ANSWER: Denied.**

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies all allegations in Plaintiff's prayer for relief and denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Defendant denies as untrue any allegation or request not specifically admitted above.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. Defendant reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

26

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

Plaintiff's claims are subject to the arbitration clause in the EULA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of fair use.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not adequately pled the identity of the individuals with whom Defendant allegedly tortiously interfered.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's contract was procured through fraudulent means and must be rescinded.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's contract is unconscionable.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged copyrights are invalid.

## TWELVTH AFFIRMATIVE DEFENSE

Any violation by Defendant was inadvertent and not willful.

## THIRTEENTH AFFIRMATIVE DEFENSE

27

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

Plaintiff does not have standing to bring suit.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have a right to possession of the property.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant was not enriched at the expense of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not proximately caused by Defendant's conduct.


Respectfully submitted,

Date: September 30, 2024        BY:      s/ Ryan Daly
                                         Ryan Daly, Pro Se
                                         2248 North Henderson Road
                                         Davison, MI 48423
                                         ryandalyproductions@gmail.com

28

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution and Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a jury trial on all issues so triable in this case, including all claims in Plaintiff's Complaint.

Respectfully submitted,

Date: September 30, 2024     BY:     s/ Ryan Daly
                                     Ryan Daly, Pro Se
                                     2248 North Henderson Road
                                     Davison, MI 48423
                                     ryandalyproductions@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

Date: September 30, 2024     BY:     s/ Ryan Daly
                                     Ryan Daly, Pro Se
                                     2248 North Henderson Road
                                     Davison, MI 48423
                                     ryandalyproductions@gmail.com

29

ANSWER TO COMPLAINT; 24-CV-00958

RYAN DALY, PRO SE
2248 NORTH HENDERSON ROAD
DAVISON, MI 48423