UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NINTENDO OF AMERICA INC,

                              Plaintiff(s),

          v.

RYAN MICHAEL DALY,

                              Defendant(s).

CASE NO.
2:24–cv–00958–GJL

MINUTE ORDER REGARDING
DISCOVERY AND DEPOSITIONS

IT IS ORDERED that:

1.  **DISCOVERY**.  All discovery matters should be resolved by agreement if possible. If a ruling is needed on any discovery question, and counsel wish to avoid the time and expense of a written motion, they may obtain an expedited ruling through a telephone conference call to the court at 253–882–3828.

2.  **DEPOSITIONS**.  Depositions will be conducted in compliance with the following rules:

(a)  **Examination**.  If there are multiple parties, each side should ordinarily designate one attorney to conduct the main examination of the deponent, and any questioning by other counsel on that side should be limited to matters not previously covered.

(b)  **Objections**.  The only objections that should be raised at the deposition are those involving a privilege against disclosure, or some matter that may be remedied if presented at the time (such as the form of the question or the

responsiveness of the answer), or that the question seeks information beyond
the scope of discovery. Objections on other grounds are unnecessary and should
be avoided. All objections should be concise and must not suggest answers to,
or otherwise coach, the deponent. Argumentative interruptions will not be
permitted.

(c) **Directions Not to Answer**.  Directions to the deponent not to answer
are improper. Advice not to answer may be appropriate on the ground of privilege
or to enable a party or deponent to present a motion to the court or special master
for termination of the deposition on the ground that it is being conducted in bad
faith or in such a manner as unreasonably to annoy, embarrass or oppress the party
or the deponent, or for appropriate limitations upon the scope of the deposition
(e.g., on the ground that the line or inquiry is not relevant nor reasonably calculated
to lead to the discovery of admissible evidence). When a privilege is claimed,
the witness should nevertheless answer questions relevant to the existence, extent
or waiver of the privilege, such as the date of the communication, who made the
statement in question, to whom and in whose presence the statement was made,
other persons to whom the contents of the statement have been disclosed, and the
general subject matter of the statement.

(d) **Responsiveness**.  Witnesses will be expected to answer all questions
directly and without evasion, to the extent of their testimonial knowledge, unless
they choose to follow the advice of counsel not to answer.

(e) **Private Consultation**.  Private conferences between deponents and
 their attorneys during the actual taking of the deposition are improper, except
for the purpose of determining whether a privilege should be asserted. Unless
prohibited by the court for good cause shown, such conferences may, however, be
held during normal recesses and adjournments.

(f)  **Conduct of Examining Counsel**.   Examining counsel will refrain from asking questions he or she knows to be beyond the legitimate scope of discovery, and from undue repetition.

(g)  **Courtroom Standard**.   All counsel and parties should conduct themselves in depositions with the same courtesy and respect for the rules that are required in the courtroom during trial.

3.  **RESPONSIBILITY OF PLAINTIFF'S COUNSEL**.   This order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff. Plaintiff's counsel (or plaintiff, if pro se) is directed to deliver a copy of this order to each other party within ten (10) days after receiving notice of that party's appearance.

DATED:   October 8, 2024

The foregoing Minute Order authorized by:
The Honorable Grady J. Leupold, United States Magistrate Judge.