THE HONORABLE GRADY J. LEUPOLD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN MICHAEL DALY d/b/a MODDED HARDWARE, an individual,<br><br>    Defendant. | CASE NO. 2:24-CV-00958-GJL<br><br>**JOINT STATUS REPORT & DISCOVERY PLAN** |

**JOINT STATUS REPORT & DISCOVERY PLAN**
**Case No. 2:24-CV-00958-GJL**

1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

I.  **JOINT STATUS REPORT & DISCOVERY PLAN**

Plaintiff Nintendo of America Inc. ("NOA" or "Plaintiff") and Defendant Ryan Michael Daly d/b/a/ Modded Hardware ("Daly" or "Defendant") (together "Parties") hereby submit this combined Joint Status Report and Discovery Plan (the "Report"), pursuant to Fed. R. Civ. P. 26(f), Local Rules CR 16 and 26, and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement.

Preliminary Note by NOA:  Defendant has appeared in this case *pro se*, and no counsel has made an appearance on behalf of Defendant.  However, Defendant was, at the time of his Answer, and continues to be, represented by Angela L. Jackson of the firm Hooper Hathaway, P.C. in Ann Arbor, Michigan.  NOA understands that Ms. Jackson does not intend to make an appearance in the action but will be providing "assistance" to Defendant in connection with this action.  As a result, even though Defendant has appeared *pro se,* NOA's counsel has been unable to communicate directly with Defendant and does not wish to violate its ethical obligations by communicating with a "represented party."  Despite this "assistance" from Ms. Jackson, Defendant filed his Answer *pro se*.  Prior to engaging Ms. Jackson, Defendant was represented by a Chicago, Illinois firm for purposes of responding to NOA's claims.  That firm, however, ultimately withdrew from representing Plaintiff.

NOA is notifying the Court, in light of this unusual situation, which has resulted in delays in complying with the Court's Scheduling Order.  In particular, NOA attempted to conduct a Rule 26 conference with Defendant prior to October 29 – and sent his counsel two separate requests to do so – but Defendant's counsel was unable to conduct the conference until November 4.

Defendant's Response:  Defendant has appeared in this case *pro se*, which is his right. While he may consult with attorneys from his home and resident state for assistance in the process of representing himself, he continues to represent himself before this Court.

This should not pose a barrier or challenge to Plaintiff's counsel.  Ms. Jackson has indicated that her firm, Hooper Hathaway, would stipulate that NOA's counsel could communicate directly with Defendant regarding this case and his own representation.  This should

JOINT STATUS REPORT & DISCOVERY PLAN
Case No. 2:24-CV-00958-GJL

2

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1  alleviate any concerns that NOA's counsel has regarding their ethical obligations.  Further,
2  Defendant states that he has diligently worked to meet each of the Court's deadlines.  In response
3  directly to the Rule 26 conference, Ms. Jackson had communicated an intention to conference, and
4  given some scheduling concerns, would prefer to it to be schedule on November 4, 2024, which
5  was not opposed by NOA's counsel.

6        While NOA's counsel may find Defendant's *pro se* representation inconvenient, it is
7  permitted.  Defendant will continue to move forward with this Court's mandates.

8        1.      **Statement of the Nature and Complexity of the Case:** This is a video game anti-
9  piracy action involving claims for trafficking in circumvention services and devices in violation of
10 17 U.S.C. § 1201, direct and contributory copyright infringement, breach of contract, and tortious
11 interference with contract.

12       Nintendo of America Inc. ("NOA") – along with its parent, Nintendo Co., Ltd.
13 (collectively referred to herein as "Nintendo") – is among the world's leading video game
14 companies, in the business of producing, marketing, and selling video game hardware such as the
15 Nintendo Switch console.  Nintendo also publishes and distributes video game software, such as
16 the "Super Mario," "The Legend of Zelda," and "Pokémon" series of games.  In order to protect
17 its intellectual property rights and stem the unlawful pirating of Nintendo games, Nintendo has
18 incorporated a variety of sophisticated technological protection measures ("TPMs") into the
19 Nintendo Switch console and into Nintendo Switch games.  These TPMs ensure, *inter alia,* that
20 unauthorized copies of Nintendo games cannot be played on Nintendo Switch consoles and that
21 purchasers of Nintendo games cannot make or distribute unauthorized copies of those games.

22       Defendant Daly is the owner of the website www.moddedhardware.com (the "Website.")
23 NOA alleges that via the Website, Daly has marketed, distributed and sold technology designed to
24 circumvent Nintendo's TPMs and permit pirated software to be played on Nintendo Switch
25 consoles.  Among Daly's product offerings are: (1) "Mod-Chips," which are hardware chips that
26 disable TPMs (including the Nintendo Switch console's built-in access and copy control
27 technology) and which are designed to, among other things, prevent users from installing
28

JOINT STATUS REPORT &
DISCOVERY PLAN               3
Case No. 2:24-CV-00958-GJL

unauthorized operating systems or firmware onto a Nintendo Switch console, (2) the "MIG Dumper," which allows users to copy Nintendo Switch games from authentic Nintendo Switch cartridges to external memory, and (3) the "MIG Switch," which allows pirated games to be copied to or placed on Nintendo Switch-compatible memory cards so users can play such pirated games on a Nintendo Switch console (the MIG Switch, together with the MIG Dumper, are referred to collectively herein as the "MIG Devices").  (The Mod-Chips and MIG Devices are referred to collectively herein as the "Circumvention Devices".)  Additionally, for those without the technical expertise to install Mod-Chips, Defendant offers services (the "Circumvention Services") through which users can send Defendant their Nintendo Switch console for him to install the Mod-Chips on, and Defendant also sells Nintendo Switch consoles with Mod-Chips pre-installed (collectively the "Hacked Consoles").

The Parties do not believe that this case involves complex issues of fact or law.  NOA believes that its claims are straightforward and may be decided early based on undisputed facts.  Defendant believes that the legal theories are straightforward, however, believes there may be a dispute of facts that precludes early resolution on motion.

2. **Proposed Deadline for the Joining of Additional Parties:** NOA believes that discovery may reveal additional participants in Daly's Modded Hardware venture, such as hardware providers or wholesalers.  NOA intends to seek such information in discovery.  Thus, NOA requests an amendment deadline of March 2025.

3. **Discovery Plan:**

(A) **Initial Disclosures:** The Parties have provided their initial disclosures by November 12, 2024, as required by the court.

(B) **Subjects, Timing, and Potential Phasing of Discovery:** NOA intends, without limitation, to take discovery concerning: (1) Daly's revenue, expenses, and profit from the sale of Circumvention Devices and Circumvention Services, (2) the identity of all Nintendo games provided to customers as part of the Circumvention Services, (3) correspondence and communications with the providers of the Circumvention Devices, (4) correspondence with

JOINT STATUS REPORT &
DISCOVERY PLAN
Case No. 2:24-CV-00958-GJL

4

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

customers concerning the Circumvention Devices and Circumvention Services, (5) marketing and advertising for the Circumvention Devices and Circumvention Services, and (6) the decision to continue operating the business after notice by Nintendo. The Parties do not believe there is a need for phased discovery.

<u>Defendant intends, without limitation, to take discovery concerning: (1) NOA's procurement of agreements with Defendant, (2) NOA's claims for damages, (3) NOA's notice to Defendant prior to this litigation. Defendant agrees that there is not a need for phased discovery.</u>

(C) **Electronically Stored Information:** In the event that this case involves the production of electronically stored information, the Parties will discuss and cooperate on an ESI order that this appropriate for this case.

(D) **Privilege Issues:** The Parties agree that communications between each party and their respective counsel need not be logged if they occurred after the filing date of the complaint or relate solely to this litigation.

(E) **Proposed Limitations on Discovery:** The Parties propose no limitations on discovery beyond those in the Federal Rules of Civil Procedure and the Local Civil Rules. Neither party waives the right to seek leave to exceed these limits if necessary, as this case proceeds.

(F) **Discovery Related Orders:** The Parties will require a protective order in place regarding confidential documents and information.

4. **LCR 26(f)(1) Topics:**

(A) **Prompt Case Resolution:** The Parties have held settlement discussions and continue to do so. It is unclear whether they will reach settlement at this stage of litigation.

(B) **Alternative Dispute Resolution:** The Parties would consider conducting a settlement conference with the Court, but believe it would be more productive to do so after discovery. NOA also would consider conducting a private mediation, but it is unclear whether Defendant will agree to share the cost of a private mediator.

(C) **Related Cases:** The Parties are unaware of any related cases pending before this Court or in other jurisdictions.

JOINT STATUS REPORT &
DISCOVERY PLAN
Case No. 2:24-CV-00958-GJL

5

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

(D) **Discovery Management:** The Parties agree to meet and confer regarding any discovery disputes and to attempt to resolve those disputes informally before resorting to formal motion practice.  NOA is also prepared to submit discovery disputes to the Court for informal or expedited resolution.  NOA is hopeful that Defendant will stipulate to certain facts, such as Nintendo's ownership of copyrights and the manner by which Nintendo's TPMs operate or function, which would save the time and expense of discovery concerning such technology, including expert disclosures and discovery, however, such stipulation has not been discussed with Defendant to date.

(E) **Anticipated Discovery Sought:** NOA intends, without limitation, to take discovery concerning: (1) Daly's revenue, expenses, and profit from the sale of Circumvention Devices and Circumvention Services, (2) the identity of all Nintendo games provided to customers as part of the Circumvention Services, (3) correspondence and communications with the providers of the Circumvention Devices, (4) correspondence with customers concerning the Circumvention Devices and Circumvention Services, (5) marketing and advertising for the Circumvention Devices and Circumvention Services, and (6) the decision to continue operating the business after notice by Nintendo.

<u>Defendant intends, without limitation, to take discovery concerning: (1) NOA's procurement of agreements with Defendant, (2) NOA's claims for damages, (3) NOA's notice to Defendant prior to this litigation.</u>

(F) **Phasing Motions:** The Parties do not believe phased motions are necessary at this time.

(G) **Preservation of Discoverable Information:**  The Parties have preserved discoverable information.

(H) **Privilege Issues:** The Parties agree that communications between each party and their respective counsel need not be logged if they occurred after the filing date of the complaint or relate specifically to this litigation.

**JOINT STATUS REPORT &
DISCOVERY PLAN**
**Case No. 2:24-CV-00958-GJL**

6

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

(I) **Model Protocol for Discovery of ESI:** The Parties agree to use the Model ESI agreement attached hereto as **Appendix 1**.

(J) **Alternatives to Model Protocol:** The Parties agree to use the Model ESI agreement attached hereto as **Appendix 1** as attached.

5. **The Date by Which Discovery Can Be Completed:** NOA requests a discovery cut-off of May 31, 2025. Defendant requests a discovery cut-off of August 31, 2025

6. **Whether Case Should Be Bifurcated**: The Parties agree the case need not be bifurcated.

7. **Pretrial Statements and Pretrial Order:** The Parties do not believe the pretrial statements and order called for by LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with at this time.

8. **Individualized Trial Program and ADR Options:** The Parties do not intend to utilize the Individualized Trial Program set forth in LCR 39.2. The Parties to not intend to utilize the ADR options set forth in LCR 39.1 at this time.

9. **Other Suggestions for Shortening or Simplifying the Case:** As NOA does not believe that there are any disputed facts, it is prepared to file an early motion for summary judgment. Defendant denies that there are not any disputed facts and would oppose such a motion.

10. **Date the Case Will Be Ready for Trial:** NOA requests a trial date not later than March 1, 2025. Defendant requests a trial date not later than March 1, 2026.

11. **Jury or Non-Jury Trial:** Jury trial

12. **Trial Days Required:** Three days

13. **Trial Counsel & Contact Information:**

<u>For NOA:</u> (1) Marc Mayer, Mark Humphrey, Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067, (2) Mark Walters, Lowe Graham Jones PLLC, 1325 Fourth Ave., Suite 1130, Seattle, Washington 98101.

JOINT STATUS REPORT & DISCOVERY PLAN
Case No. 2:24-CV-00958-GJL

7

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**For Defendant:** Defendant has appeared *pro se*, 2248 North Henderson Road, Davison, MI 48423.

14. **Trial Conflicts:** NOA's counsel is unavailable for trial the first two weeks of August 2025.

15. **Service of Defendant(s) and Respondent(s):** All known defendants have been served at this time. Nothing herein is intended to limit Plaintiff's right to serve and/or join potential defendants it becomes aware of through discovery or other means.

16. **Fed . R. Civ. P. 16 Conference:** Because of the issues concerning Defendant's *pro se* appearance in this action, NOA believes that it would be productive for the Court to hold a pretrial conference prior to the entry of any order pursuant to Rule 16 or the setting of a schedule for this case. The Parties prefer to conduct a telephonic conference.

17. **Date(s) of Corporate Disclosures:** NOA filed its corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1 on June 28, 2024.

Dated: November 19, 2024

Mark P. Walters (Bar No. 30819)
LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
Telephone: (206) 381-3300
Fax: (206) 381-3301
Email: walters@lowegrahamjones.com

Marc E. Mayer (*pro hac vice*)
Mark C. Humphrey (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-3154
Email: marc.mayer@msk.com
           mxh@msk.com

*Attorneys for Plaintiff*
NINTENDO OF AMERICA INC.

JOINT STATUS REPORT & DISCOVERY PLAN
Case No. 2:24-CV-00958-GJL
8
LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1
2
3
4
5

*/s/ Ryan Daly*
Ryan Daly, *Pro Se*
2248 North Henderson Road
Davison, MI 48423
ryandalyproductions@gmail.com

*Prepared with the assistance of counsel*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT STATUS REPORT &**
**DISCOVERY PLAN**
**Case No. 2:24-CV-00958-GJL**

9

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301