The Honorable Grady J. Leupold

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RYAN MICHAEL DALY d/b/a MODDED HARDWARE, an individual,<br><br>Defendant. | Case No. 24-CV-00958-GJL<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>File Date:    June 28, 2024<br>Trial Date:   Not Set |

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

This matter came before the Court on the parties' Joint Stipulation for Entry of Final Judgment and Permanent Injunction, Dkt. 30.

The Court makes the following findings of fact:

1. Plaintiff Nintendo of America Inc. ("Plaintiff" or "NOA") markets and distributes electronic video game consoles, games, and accessories developed by Nintendo Co., Ltd. (together with NOA, "Nintendo"), including the Nintendo Switch console.

2. The Nintendo Switch console and Nintendo Switch games include technological protection measures (the "TPMs") which effectively control access to copyrighted works and protect rights of copyright owners, including NOA. NOA owns valid copyrights in works protected by the TPMs, including Nintendo games and the Nintendo Switch operating system.

3. Defendant Ryan Daly d/b/a ModdedHardware ("Defendant" or "Daly") has engaged in the marketing, distribution, and sale of devices that are primarily designed for the purpose of circumventing the TPMs, have limited commercially significant purpose or use other than to circumvent the TPMs, and are marketed with Defendant's knowledge for use in circumventing the TPMs.

4. Among the devices marketed, distributed, and sold by Defendant which circumvent Nintendo's TPMs are devices known as the "MIG Switch" and "MIG Dumper" (collectively, the "MIG Devices"). The MIG Switch is a device that circumvents the TPMs in order to enable members of the public to access and play unauthorized or pirated copies of Nintendo Switch games on the Nintendo Switch console. The MIG Dumper is a device that circumvents the TPMs in order to enable members of the public to copy Nintendo Switch game cartridges to computer hard drives or external storage devices.

5. Defendant also has marketed, distributed and sold (a) "mod chips" that circumvent the TPMs by enabling members of the public to install unauthorized firmware or other unauthorized software on Nintendo Switch consoles, including software that enables users to unlawfully copy and play pirated copies of Nintendo games ("Mod Chips"), (b) Nintendo

Switch consoles pre-installed with such mod chips ("Hacked Consoles"), and (c) services whereby Defendant installed mod chips on Nintendo Switch consoles on behalf of members of the public (the "Circumvention Services").  Additionally, in connection with the sale of Hacked Consoles and the Circumvention Services, Defendant copied and distributed certain copyrighted Nintendo games to his customers.

6. The marketing, distribution, and sale of the MIG Devices, Mod Chips, Hacked Consoles, and Circumvention Services violate NOA's rights under Section 1201(a)(2) and 1201(b)(1) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201(a)(2) and 1201(b)(1).  Additionally, the copying and distribution of Nintendo's copyrighted games constitutes copyright infringement pursuant to Section 501 of the United States Copyright Act, 17 U.S.C. § 501.

7. Defendant's conduct has caused NOA significant and irreparable harm.  For example, the MIG Devices, Mod Chips, Hacked Consoles, and Circumvention Services allow members of the public to create, distribute, and play pirated Nintendo games on a massive scale. Thus, the MIG devices, Mod Chips, Hacked Consoles, and Circumvention Services harm NOA's goodwill, detract from NOA's consumer base, and enable widespread illegal and difficult to detect copying.

The Court enters judgment as follows:

1. Plaintiff is hereby awarded a monetary judgment against Defendant in the amount of US $2,000,000.00.

2. In addition, pursuant to Sections 502 and 1203 of the Copyright Act (17 U.S.C. §§ 502, 1203), the All Writs Act (28 U.S.C. § 1651), and this Court's inherent equitable powers, the Court orders as follows:

   a. A permanent injunction hereby is entered against Defendant enjoining him and his agents, servants, employees, successors, assigns, and all those acting in privity or under his control from:

      i. Taking any steps on Defendant's own behalf or assisting others in offering to the public, selling, providing, marketing, advertising, promoting, distributing, or otherwise trafficking in any devices whose purpose is to circumvent any technological protection measures contained within Nintendo video game consoles or video game software, including but not limited to devices such as Mod Chips, MIG Dumpers, MIG Switches (together, "Circumvention Devices"), and Nintendo video game consoles that have been modified to allow them to play pirated games ("Hacked Consoles");

      ii. Taking any steps on Defendant's own behalf or assisting others in offering to the public, selling, providing, marketing, advertising, promoting, distributing, or otherwise trafficking in any circumvention services, including but not limited to services wherein Defendant modifies or assists others in modifying Nintendo Switch consoles to circumvent NOA's technological protection measures or sells Nintendo Switch consoles that have been so modified (together, "Circumvention Services"), and any other services that target NOA, NOA's consoles, NOA's technological protection measures, and/or NOA's copyrighted works;

      iii. Obtaining, possessing, accessing, or using any Circumvention Devices or Hacked Consoles;

      iv. Assisting in any way with the creation, support, or development of any Circumvention Devices or Hacked Consoles;

      v. Publishing, selling, providing, or distributing any technology, documentation, software code, or information used to create or assist in the creation of any Circumvention Devices or Hacked Consoles;

      vi. Operating, hosting, assisting, or linking to any website that is designed to provide information to assist others in accessing, developing, or obtaining any Circumvention Devices or Hacked Consoles;

vii. Investing or holding any financial interest in any enterprise which Defendant knows or has reason to know is now, or intends in the future to be, engaged in any activities that are prohibited by this Judgment;

viii. Reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization the Nintendo Switch console, Nintendo games, or any other Nintendo product or offering, or providing assistance to any person or entity engaged in such activities;

ix. Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any of NOA's copyrights or trademarks, or other intellectual property, whether now in existence or hereafter created;

x. Destroying, transferring, altering, moving, returning, concealing, or in any manner hiding any and all Circumvention Devices, and other devices or hardware used in connection with Defendant's sale of Circumvention Devices and Circumvention Services;

xi. Destroying, transferring, altering, moving, returning, concealing, or in any manner hiding any and all video games, video game files, and video game emulators (and any digital files comprising the same) in which NOA owns or controls intellectual property rights or which relate to Nintendo consoles or video games ("NOA materials") and which were used in connection with Defendant's sale of Circumvention Devices and Circumvention Services;

xii. Engaging in any other violation of the Digital Millennium Copyright Act or the Copyright Act, or any other federal or state law, as respects NOA and/or any technological protection measures contained within Nintendo video game consoles or video game software;

xiii. Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)–(xii) directly above;

b. The Court further enjoins Defendant and all third parties acting in active concert and participation with Defendant—including but not limited to any domain name registrars or registries holding or listing any of Defendant's websites—from supporting or facilitating access to any or all domain names, URLs, or websites (including, without limitation, www.moddedhardware.com), including any successor websites, chatrooms, and other social media websites or apps through which Defendant trafficked in circumvention devices or services that threaten Plaintiff's technological protection measures or which infringe Plaintiff's rights under the Copyright Act.

c. The Court further orders that Defendant and his agents, servants, employees, attorneys, and others acting in active concert or participation with Defendant—including but not limited to any domain name registrars or registries holding or listing any of Defendant's websites: (a) surrender, and permanently cease to use, the domain name www.moddedhardware.com, any variant or successor thereof controlled by Defendant, and any other website or system that Defendant owns or controls, directly or indirectly, that involve NOA materials; and (b) immediately transfer the domain name www.moddedhardware.com, any variant or successor thereof controlled by Defendant, and any other website or system that Defendant owns or controls, directly or indirectly, that involve NOA materials, to Plaintiff's control.

d. The Court further enjoins Defendant and all third parties acting in active concert and participation with Defendant—including but not limited to any domain name registrars or registries holding or listing any of Defendant's websites—from supporting or facilitating access to any or all domain names, URLs, and websites (including, without limitation, www.moddedhardware.com), or any successor thereof, through which Defendant infringes Plaintiff's copyrights.

e. The Court further orders, pursuant to 17 U.S.C. §§ 503 & 1203, upon NOA's selection, the seizure, impoundment, and/or destruction of all Circumvention Devices and all other electronic material or physical devices within Defendants' custody, possession, or control—including any hard drives, other electronic storage devices containing such material, or files containing such material hosted by cloud-based or other storage services—that violate NOA's rights under the DMCA or infringe copyrights owned or exclusively licensed by NOA.

f. This permanent injunction constitutes a binding court order, and any violations of this order by Defendant will subject him to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

g. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with this Stipulated Order and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

IT IS FURTHER ORDERED that Judgment be entered in this matter in accordance with the terms set forth above, and that the clerk be, and hereby is, directed to close this matter.

**IT IS SO ORDERED.**

GRADY J. LEUPOLD
UNITED SATES MAGISTRATE JUDGE